STATE OF MINNESOTA
FOURTH JUDICIAL DISTRICT
HENNEPIN COUNTY

| | |
|---|---|
| Kamau Rashad Hudson<br><br>Plaintiff,<br>v.<br><br>Officer Kyle Rudd, a Minneapolis Police Officer (in his individual capacity) and Officers John Doe 1-3.<br><br>Defendants. | Civil Action No. _____<br><br>SUMMONS |

**THIS SUMMONS IS DIRECTED TO:**
**Kyle Rudd**
**Officer with Minneapolis Police Department**

1. **YOU ARE BEING SUED.**
The Plaintiffs have started a lawsuit against you. The Plaintiffs Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.**
You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

A.L. Brown, Attorney at Law
**CAPITOL CITY LAW GROUP, LLC**
287 East Sixth Street, Suite 20
Saint Paul, Minnesota 55101

6

Exhibit A

### 3. YOU MUST RESPOND TO EACH CLAIM.

The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

### 4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.

If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

### 5. LEGAL ASSISTANCE.

You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

### 6. ALTERNATIVE DISPUTE RESOLUTION.

The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: November 20, 2019

Respectfully submitted,

*[signature]*

A. L. Brown (# 331909)
Marcus Almon, *of Counsel*
**CAPITOL CITY LAW GROUP, LLC**
287 East Sixth Street, Suite 20
Saint Paul, MN 55101
Telephone: (651) 705-8580
E-Mail: A.L.Brown@CCLAWG.COM

7

Exhibit A

STATE OF MINNESOTA
FOURTH JUDICIAL DISTRICT
HENNEPIN COUNTY

| | |
|---|---|
| Kamau Rashad Hudson<br><br>Plaintiff,<br>v.<br><br>Officer Kyle Rudd, a Minneapolis Police Officer (in his individual capacity).<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

## INTRODUCTION

Kamau R. Hudson, the Plaintiff brings this Complaint based on the following facts:

## JURISDICTION

1. This action is based on, and seeks redress for, violations of the United States Constitution and therefore jurisdiction is proper pursuant to 42 U.S.C. § 1983.

## VENUE

2. Venue is proper in the Fourth Judicial District pursuant to Minn. Stat. § 542.09.

## PARTIES

3. Kamau Hudson, the Plaintiff, is an adult male of who resides, and at all relevant times has resided, in the state of Minnesota.

4. Officer Kyle Rudd is a licensed peace officer and is employed (or was employed) by the City of Minneapolis at all relevant times.

Exhibit B

## FACTUAL ALLEGATIONS

5. On or about March 9, 2019, officers of the Minneapolis Police Department entered the Plaintiff's home.

6. The officers did not have a warrant to enter the home.

7. There were no exigent circumstances that compelled the officers to enter the Plaintiff's home without a warrant.

8. The officers had the consent of a fourteen-year-old resident of the home (hereinafter, the "911 caller") to enter the home.

9. The 911 caller told the officers that Plaintiff was holding a firearm and an infant child and that she was instructed by her mother to call the police if she ever saw the Plaintiff with a firearm in the home.

10. The officers called for the Plaintiff to come out of a bedroom.

11. The Plaintiff immediately complied and emerged from bedroom of the house holding the infant.

12. The Plaintiff was calm when he emerged and did not resist the officers' commands in any way.

13. One of the officers approached the Plaintiff and conducted a search of his person.

14. No weapon was recovered during that search.

15. The officers then directed the Plaintiff to hand the infant to another police officer.

16. That officers then conducted a search of the infant's blanket.

17. No weapon was recovered in the search of the infant's blanket.

Exhibit B

18. An officer then conducted a second search of the Plaintiff's person.

19. No weapon was recovered from the second search of the Plaintiff's person.

20. The officer's then asked Plaintiff if they could search his bedroom.

21. The Plaintiff, said "no."

22. The Defendant, nonetheless, entered the Plaintiff's bedroom with a flashlight and conducted a search of the bedroom.

23. There were no exigent circumstances that required the Defendant to search the Plaintiff's bedroom over the Plaintiff's objection.

24. The Plaintiff, while the search was taking place, again reiterated that to the Defendant that he did not have his consent to search his bedroom.

25. The Defendant, nonetheless, continued to search the bedroom without the Plaintiff's consent.

26. Ultimately, the Defendant found a firearm under a seat cushion of a sofa.

27. The Plaintiff was charged with a crime for being in possession of the firearm.

28. That criminal case was dismissed because the court found the search to be violative of the Plaintiff's Fourth Amendment rights against unreasonable search and seizures.

Exhibit B

## CLAIMS FOR RELIEF

### COUNT I
### Violation of the Unreasonable Search and Seizure Clauses of the Fourth Amendment of United States Constitution

29. Plaintiff re-alleges the allegations of paragraphs above and incorporates those allegations herein by reference.

30. The Fourth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, makes plain that "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."

31. The Defendant violated the Plaintiff's Fourth Amendment rights when it searched his person and his home without probable cause, a warrant, an exigent circumstance, or other exceptions to the warrant requirement.

32. As a result, the Plaintiff has been harmed.

### COUNT II
### TRESPASS-COMMON LAW

33. Plaintiff re-alleges the allegations of paragraphs above and incorporates those allegations herein by reference.

34. Defendant entered Plaintiff's bedroom without consent.

35. Defendant was aware that Plaintiff did not consent to his entry into his bedroom.

36. Plaintiff was injured as a result of Defendant's entry into his bedroom.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief against the Defendant as follows:

Exhibit B

37. For redress of all loss, harm, and injuries that resulted from the Defendant's unconstitutional acts.

38. For interest, where appropriate, on damages awarded.

39. For cost and attorneys' fees incurred in the prosecution of this action pursuant to, without limitations, 28 U.S.C. §1988 and Minn. Stat. §§363A.29 and 363A.33, Subd. 7.

40. Award such other relief as the Court deems just and equitable.


Dated: November 20, 2019   Respectfully submitted

A. L. Brown (# 331909)
**Capitol City Law Group, LLC**
**The Allen Building**
287 East Sixth Street, Suite 20
Saint Paul, Minnesota 55101
Telephone (651) 705-8580
Facsimile (651) 705-8581
E-Mail: A.L.Brown@cclawg.com

**ATTORNEYS FOR PLAINTIFF**

Exhibit B